1
2
3
4
5
6

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RAMIREZ-SORIA, | Case No. 1:14-cv-00040-LJO-SMS |
| Petitioner, | ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| MICHAEL L. BENOV, Warden, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. The Court has granted Petitioner's request for IFP status. Doc. 2. Petitioner declined to proceed before a magistrate judge. Doc. 4.

### BACKGROUND

On March 8, 2012, Petitioner was sentenced in the District Court for the Eastern District of California to a term including 54 months custody for a violation of §§ 21 USC 846, 841 (a)(1) and (b)(1)(A)), Conspiracy to Distribute and Possess Methamphetamine with the Intent to Distribute. He was incarcerated at the Taft Correctional Institution (TCI) located in Taft, California.

On January 13, 2014, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner does not challenge his conviction. Rather, he challenges a disciplinary proceeding held on October 10, 2012, in which Petitioner was found to have destroyed government property over $100, in particular the window in his cell, on September 15, 2012. As a result, Petitioner received sanctions including a loss of 27 days good conduct time and restitution for the property damage.

1

**PRELIMINARY SCREENING STANDARD**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court ...." Habeas Rule 4; *O'Bremski v. Maass,* 915 F.2d 418, 420 (9th Cir.1990); *see also Hendricks v. Vasquez,* 908 F.2d 490 (9th Cir.1990). Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; *see Herbst v. Cook,* 260 F.3d 1039 (9th Cir.2001).

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1990). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. *Id*. at 677.

**DISCUSSION**

Petitioner is challenging the execution of his sentence rather than the imposition of that sentence. Thus, his petition is proper under 28 U.S.C. § 2241. In addition, because Petitioner is currently incarcerated at TCI, and TCI is within the Eastern District of California, this Court has jurisdiction to proceed to the merits of the petition. *See U.S. v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984).

Petitioner contends that the he was disciplined by an employee of the Management and Training Corporation and not a Bureau of Prisons employee, which resulted in the loss of custody credit. In several recent cases, courts in this district have granted relief in such claims arising from the Taft Correctional Institute. *See, e.g., Torres-Ramirez v. Benov*, 1:13-CV-01165 LJO, 2013 WL 6798948 (E.D. Cal. Dec. 20, 2013) (recommending grant of petition); *Ayon v. Benov*, 1:13-CV-

1120-LJO-SAB (E.D. Cal. Nov. 20, 2013) (January 2, 2014) (same). Accordingly, it does not "plainly appear" from the petition that Petitioner is not entitled to relief.

**ORDER**

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases,

IT IS HEREBY ORDERED:

1. Respondent SHALL FILE an ANSWER addressing the merits of the Petition within SIXTY (60) days of the date of service of this order. Respondent shall include with the response any and all transcripts or other documents relevant to the resolution of the issues presented in the petition, including copies of appeals taken by a prisoner within the prison and before the Bureau of Prisons. Rule 5 of the Rules Governing Section 2254 Cases. The Court recognizes that Counsel on behalf of the Government and/or the Institution may wish to respond on separate issues raised in the Petition. However, the Court will accept only one (1) "Answer." Such Answer SHALL CONTAIN all argument with respect to all of the issues raised in the Petition, whether formulated by Counsel for the Government or the Institution.

2. Respondent SHALL FILE a Notice of Appearance within TWENTY (20) days of the date of service of this Order. The Notice SHALL indicate the name of the individual(s) who will be representing the Government and/or the Institution. The Notice is necessary to ensure that the appropriate counsel for Respondent is being served by the Court. The submission of the Notice of Appearance will terminate Court service on those listed in paragraph 4.

3. Petitioner's TRAVERSE, if any, is due on or before THIRTY (30) days from the date Respondent's Answer is filed.

///

///

///

3

1    4. The Clerk of the Court SHALL serve a copy of this Order along with a copy of the

2  Petition and all exhibits on the Office of the United States Attorney for the Eastern District of

3  California, an agent for the appropriate Correctional Institution if applicable, and the United States

4  Bureau of Prisons.

5    All motions shall be submitted on the record and briefs filed without oral argument unless

6  otherwise ordered by the Court. Local Rule 230(l). All provisions of Local Rule 110 are applicable

7  to this order.

8

9    IT IS SO ORDERED.

10

DATED:  2/20/2014                          /s/ SANDRA M. SNYDER

11                                         UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4